**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

    **Plaintiff**,

    v.

CRISTIAN SERRANO-DELGADO [3],

    **Defendant.**

**Criminal No.** 17-533 (FAB)

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court are several motions *in limine* by defendant Cristian Serrano-Delgado ("Serrano") and the United States in preparation for the trial scheduled for December 6, 2018. (Docket Nos. 153, 156, 158, 159.)

**I.    United States' Motion Seeking Preclusion of Self-Serving Hearsay**

The United States moves to preclude Serrano from "eliciting his self-serving out-of-court statements during trial" through third-party witnesses because "[s]uch self-serving statements are inadmissible . . . hearsay." (Docket No. 153 at p. 1.) Federal Rule of Evidence 801 ("Rule 801") prohibits hearsay, which is a statement that "the declarant does not make while testifying at the current trial or hearing" and that "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c).

Despite the exceptions to the hearsay prohibition, no hearsay exception permits a defendant to introduce self-serving, out-of-court statements to prove the truth of the matter. See, e.g., United States v. Rivera-Hernández, 497 F.3d 71, 82 n.5 (1st Cir. 2007) (internal citation omitted) ("To be received in evidence an admission . . . must be contrary to that party's position at the time of the trial."); United States v. Palow, 777 F.2d 52, 56 (1st Cir. 1985) (stating that Rule 801(d)(2)(A) was "designed to exclude the introduction of self-serving statements by the party making them"). Serrano cannot present his own self-serving, out-of-court statements through third parties. Accordingly, the Court **GRANTS** the United States' motion to preclude Serrano from presenting to the jury self-serving hearsay through third-party witnesses. (Docket No. 153.)

## II. United States' Motion Seeking Preclusion of Improper Testimony as to Serrano's State of Mind

The United States moves to preclude Serrano from "eliciting testimony from any third-party witness as to his own state of mind on the night of September 11, 2017." (Docket No. 159 at p. 1.) According to Federal Rule of Evidence 602, "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Consequently, Serrano cannot elicit testimony

from any third-party witness as to Serrano's own state of mind. See, e.g., Combs v. Cordish Co., No. 14-0227, 2018 WL 1464033, at *12 (W.D. Mo. Mar. 23, 2018) ("Beliefs, perceptions, and feelings about another person's state of mind are precluded."). The Court **GRANTS** the United States' motion to preclude third-party witnesses from testifying as to Serrano's mental state. (Docket No. 159.)

**III. Serrano's Motion to Preclude Evidence and Request for More Specific Designation of Evidence**

Serrano moves to preclude the United States from presenting certain evidence and requests that the United States provide a more specific designation of evidence. (Docket No. 156.) According to Serrano, the Court should preclude the United States from (1) mentioning that the deceased victim is an off-duty police officer; (2) presenting autopsy photos to the jury; (3) presenting Valentín's hospital records to the jury; and (4) defining "reasonable doubt" or "beyond a reasonable doubt" to the jury. Id. at pp. 1-3. Serrano also argues that the United States' designation of evidence is too broad. (Docket No. 156 at pp. 2-3.)

The fact that the deceased victim is an off-duty police officer provides relevant context for the jury. "To be relevant, evidence need only tend to prove the government's case, and evidence that adds context and dimension to the government's proof

of the charges can have that tendency." United States v. Mangual-Santiago, 562 F.3d 411, 428 (1st Cir. 2009) (citation omitted). The deceased victim discharged his weapon against Valentín. That the deceased victim was an off-duty police officer may provide context as to why the victim was in possession of a firearm or why law enforcement officers reacted as they did in response to the shooting. Moreover, the victim's status as an off-duty police officer does not create unfair prejudice against Serrano. See, e.g., United States v. Smith, 292 F.3d 90, 99 (1st Cir. 2002). Accordingly, the Court **DENIES** Serrano's request to preclude the United States from introducing the deceased victim's status as an off-duty police officer to the jury. (Docket No. 156 at p. 1.)

With respect to the autopsy photographs, "the evidentiary account of what a defendant has thought and done can accomplish what no set of abstract statements ever could, not just to prove a fact but to establish its human significance." United States v. Sampson, 486 F.3d 13, 43 (1st Cir. 2007) (affirming the use of autopsy photographs in a death penalty case). The United States intends to use the autopsy photographs to help its expert explain the autopsy report and the basis for his conclusions. (Docket No. 160 at p. 3.) While Serrano may be willing to stipulate the cause of the victim's death, "[t]he prosecution ordinarily may not be forced to eliminate gruesome details of a killing . . . or the

degree of malevolence exhibited by the defendant through a defense-proffered stipulation." United States v. Tavares, 21 F.3d 1, 3 (1st Cir. 1994) (en banc). The United States may present autopsy photographs within limits to be determined at trial. Consequently, the Court **DENIES without prejudice** Serrano's request to preclude the autopsy photographs. (Docket No. 156 at p. 1.)

The United States is not required to provide a more specified designation of evidence. According to Federal Rule of Criminal Procedure 12(b)(4) ("Rule 12"), "At the government's discretion . . . the government may notify the defendant of its intent to use specified evidence at trial." Fed. R. Crim. P. 12(b)(4)(A). Additionally, "[a]t the defendant's request . . . the defendant may . . . request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." Fed. R. Crim. P. 12(b)(4)(B). Rule 12 must not be used "to force the government to decide precisely which documents provided in discovery it will offer at trial" or "to prevent it from using any that it does not so designate as a matter of trial tactics." United States v. El-Silimy, 228 F.R.D. 52, 57 (D. Me. 2005). The United States' designation of evidence satisfies the Rule 12 requirements. Accordingly, the Court **DENIES** Serrano's request for a more specified designation of evidence. (Docket No. 156 at pp. 1-3.)

Because the United States does not intend on presenting Valentín's hospital records or defining "reasonable doubt" or "beyond a reasonable doubt" to the jury, see Docket No. 160 at pp. 4-5, Serrano's motion as to those issues is **MOOT**. (Docket No. 156 at pp. 2-3.)

**IV. United States' Amended Designation of Evidence and Request for Reciprocal Discovery**

The United States provides an amended designation of evidence and requests certain discovery from Serrano. (Docket No. 158.) The Court **GRANTS** the United States' discovery request. Id. Serrano will produce all reciprocal discovery to the United States **no later than December 5, 2018**.

**V. Conclusion**

For the reasons above, Serrano's motion is **DENIED** (Docket No. 156) and the United States' motions are **GRANTED** (Docket Nos. 153, 158 and 159).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 4, 2018.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE